### CROTTY v. JARVIS.

*(Common Pleas of New York City and County, General Term.  November 7, 1892.)*

PARTNERSHIP—DISSOLUTION AND ACCOUNTING—REFEREE'S FEES.

    In an action between partners for dissolution and accounting, an order for payment of the referee's fees out of funds in the hands of the receiver may be made, although the receiver may have incurred liabilities, with the sanction of the court, in excess of such funds available for payment.

Appeal from special term.

Action by John G. Crotty against Robert S. Jarvis for dissolution of a partnership and an accounting. On petition of John Standfast, an order was made at special term directing Samuel H. Hurd, the receiver appointed in the action, to pay to the petitioner, as assignee of Nathaniel Jarvis, Jr., the referee appointed pursuant to an interlocutory judgment in the same action, the amount of the referee's fees incurred. The receiver appealed. The order was affirmed, no opinion being delivered, (17 N. Y. Supp. 949,) and a reargument granted. Affirmed on reargument.

Argued before BISCHOFF and PRYOR, JJ.

*Frederick Smyth,* for appellant. *Leavitt, Wood & Keith, (John Brooks Leavitt,* of counsel,) for respondent.

BISCHOFF, J. The order appealed from directs the receiver to pay within 10 days, out of the assets in his hands, the amount of respondent's claim, with interest; and our interpretation of it is that it purports to do no more than to audit respondent's claim as one proper to be paid out of the fund in court. Bearing in mind that this is an action brought for the dissolution of a copartnership and an accounting between the parties; that the copartnership assets are *in custodia curiæ,* the receiver being but the officer of the court; that respondent's claim is for referee's fees incurred in this very action, and so part of the expenses necessarily to be incurred in its prosecution, and entitled to preference in payment over any amount which may be adjudged due to the parties, or either of them; that its justice was fully determined by judgment recovered in an action against the parties to this action, and that no personal claim is made against the receiver,—it is inconceivable to us how the latter is aggrieved by the order appealed from, or how he can have any tenable objection thereto. We observe that the receiver urges that he has incurred liabilities, with the previous sanction of the court, in excess, or to the full extent, at least, of the assets in his hands which are available for the purposes of payment, and that in justice to him, so that he may be thereby relieved from personal obligation, payment of respondent's claim should be postponed until after the liabilities already incurred have been discharged. If the facts be as represented, they furnish at most ground for withholding enforcement of the order appealed from against the receiver personally, and may be properly considered in proceedings hereafter to be instituted upon the footing of that order; but to deny the validity of the order would, in effect, be to deprive respondent of his right at any time to resort for payment of his claim to available funds in the receiver's hands. Our conclusion is that appellant's objection is premature, and that the order appealed from should be affirmed, with costs.